IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 2 8 2014

CLERK, U.S. DISTRICT COURT
By_____
        Deputy
```

DWIGHT RAY HILL,                      §
                                      §
          Plaintiff,                  §
                                      §
VS.                                   §   NO. 4:14-CV-022-A
                                      §
STATE OF TEXAS AND PARKER             §
COUNTY SHERIFF DEPARTMENT,            §
                                      §
          Defendants.                 §

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration are (1) a violation
of civil rights complaint filed in the above-captioned action by
plaintiff, Dwight Ray Hill, naming as defendants State of Texas
("State") and Parker County Sheriff Department ("Sheriff's
Department"), (2) two motions for permanent injunction, and (3) a
motion for subpoena.[1]  Because Sheriff's Department is not an
entity capable of being sued, the court is substituting Parker
County ("County") for Sheriff's Department as a proper defendant.
Having considered plaintiff's complaint and applicable legal
authorities, the court concludes that the action should be
dismissed.  Further, having considered plaintiff's motions for
permanent injunction and motion for subpoena, the court concludes

---

[1] Plaintiff filed his original complaint in the Southern District of Texas on January 6, 2014.  The action was then transferred to this court on January 13, 2014.

that each of those motions should be denied.

I.

## The Complaint

In his complaint, plaintiff makes the following allegations: (1) defendants intentionally filed a false retaliation charge against plaintiff to "hack down" his website about Bible prophecies and mind control chips, in violation of his rights of freedom of speech and religion under the First Amendment; (2) plaintiff has been illegally held for four years on a false retaliation charge without trial or conviction, in violation of his rights to a speedy trial and due process under the Fifth and Sixth Amendments; (3) plaintiff's "civil rights are being violated by District Judge Quisenberry," and plaintiff has not been allowed at any competency hearing and has not been allowed to have witnesses testify on his behalf, in violation of the Sixth Amendment; (4) Sheriff Larry Fowler instructed jailer Sargent Smith to inform prisoners that "plaintiff was a pedafile [sic] in order to have plaintiff beat to death;" (5) mind control computer operaters told people on Facebook and a King James Bible website that plaintiff was a pedofile; (6) County put up a website showing four false charges against plaintiff, "slandering

and libeling plaintiff's name;"[2] (7) Sheriff Larry Fowler had investigator Robert Pawley falsely accuse plaintiff of retaliation; (8) Parker County mind control computer operators tried to place child pornography on plaintiff's computer; (9) after plaintiff caught mind control computer operators trying to place the child  pornography on his computer, a Parker County mind control computer operator attempted to assassinate plaintiff; (10) Parker County deputies Dallas Cochran and Anthony Chavez illegally searched and towed plaintiff's vehicle, in violation of the Fourth Amendment; (11) plaintiff's dell computer was illegally taken, in violation of the Fourth Amendment; (12) plaintiff has been sent to a mental institution as incompetent to stand trial even though he has never been evaluated by a psychologist or psychiatrist in Parker County; (13) "plaintiff has been electronically harassed and tortured by Parker County mind control computer operators since September 2002 when plaintiff was shot in the head with 4 mind control chips," in violation of the Eighth Amendment prohibition on cruel and unusual punishment; (14) Judge Graham Quisenberry has not allowed

---

[2] The court notes that although plaintiff uses the terms "slandering" and "libeling," it does not appear from plaintiff's complaint, that plaintiff is actually asserting claims of slander or libel separate from his civil rights claim.  Rather, plaintiff is apparently alleging that the actions by mind control computer operators, which plaintiff characterizes as "slandering" and "libeling," are violations of his civil rights.

plaintiff to attend competency hearings, appointed plaintiff "a worthless attorney" even though plaintiff did not fill out an indigency request and "plaintiff had over four thousand dollars in the bank," refused to expunge false charges, signed off on paying an expert to testify against plaintiff, and has refused to grant various motions filed by plaintiff; (15) plaintiff's lawsuit in state court for false arrest has not been allowed to go to trial; and (16) plaintiff has been injected with "very dangerous atypical anti-psychotic drugs" against his will by court order.  Compl. at 1-4.

On January 10, 2014, plaintiff filed a document titled "Reguarding: [sic] Cray Mind Monitoring and Control Computers (IE: Cybernetics Technology)."  Plaintiff makes several additional allegations in that document: (1) in March 1997, plaintiff's daughters were forced to lie and a video tape of their lies was used to "jury tamper and witness tamper" and to get workers at North Texas State Hospital to harm plaintiff; (2) assistant D.A. Kathleen Catania suppressed a Cooks Hospital report, and Stacy Ladd lied to get plaintiff arrested; (3) while plaintiff was in solitary confinement, sheriff investigator T.D. Elam drugged and sexually assaulted plaintiff and plaintiff was abused by mind control computer operators; (4) jailer Darby sprayed pepper mace on plaintiff's food, causing him to go to the

4

hospital; (5) plaintiff was placed in a cell where a jailer
instructed four prisoners to beat plaintiff; (6) investigators
bugged plaintiff's vehicle and the house and phone of plaintiff's
parents; (7) Don Chrestman, Kathleen Catania, and Jeff Swaim
allowed plaintiff to be falsely indicted on a retaliation charge;
and (8) plaintiff was arraigned by County Commissioner Judge Mark
Riley rather than a justice of the peace.

According to plaintiff's complaint, he is seeking ten
million dollars in damages.[3]

II.

## Evaluating the Complaint Under 28 U.S.C. § 1915A

As a prisoner seeking redress from government officials,
plaintiff's complaint is subject to preliminary screening under
28 U.S.C. § 1915A, regardless of whether he is proceeding in
forma pauperis. See Martin v. Scott, 156 F.3d 578, 579-80 (5th
Cir. 1998). Section 1915A(b)(1) provides for sua sponte
dismissal if the court finds that the complaint is either
frivolous or fails to state a claim upon which relief may be
granted, and § 1915A(b)(2) provides for sua sponte dismissal if
the complaint seeks monetary relief from a defendant who is
immune from such relief. A claim is frivolous if it "lacks an

---

[3] Plaintiff also requests the court to order his release. However, such relief cannot be granted
pursuant to a civil rights complaint.

arguable basis in either fact or law." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level.  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).

Although <u>pro se</u> complaints and arguments must be liberally construed, <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994), "[a] plaintiff may not . . . plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought." <u>Arnaud v. Odom</u>, 870 F.2d 304, 307 (5th Cir. 1989).

Having now considered plaintiff's claims and causes of action against defendants, the court concludes that they should be dismissed under the provisions of 28 U.S.C. § 1915A.

### III.

### <u>Analysis</u>

A.   <u>Claims against State</u>

Plaintiff's claims against State are barred by sovereign immunity.  The Eleventh Amendment bars claims filed against a state without the state's consent.  <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984); <u>Lewis v. Univ. of Texas</u>

<u>Med. Branch at Galveston</u>, 665 F.3d 625, 630 (5th Cir. 2011).  As
there is no allegation that State has in any manner waived its
right to sovereign immunity, plaintiff's claims against State are
barred and must be dismissed.

B.   <u>Claims against County</u>

   Plaintiff's claims against County must be dismissed because
plaintiff has failed to allege sufficient facts to state a claim
for municipal liability under § 1983.[4]  It is well-settled that
local government entities such as County cannot be held liable
for the acts of their employees solely on a theory of <u>respondeat</u>
<u>superior</u>.  <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 692
(1978).

   Liability may be imposed against a local government entity
under § 1983 only "if the governmental body itself subjects a
person to a deprivation of rights or causes a person to be
subjected to such deprivation."  <u>Connick v. Thompson</u>, __ U.S. __,
131 S. Ct. 1350, 1359 (2011) (quoting <u>Monell</u>, 436 U.S. at 692)
(internal quotation marks omitted).  To hold County liable under
§ 1983 requires plaintiff to "initially allege that an official
policy or custom was a cause in fact of the deprivation of rights

---

   [4] The court notes that plaintiff's compliant does not specifically state that plaintiff seeks relief
under 42 U.S.C. § 1983.  However, as plaintiff's complaint is titled "Violation of Civil Rights" and the
defendants named in the case are state actors, plaintiff is presumably seeking relief under § 1983.
Further, the court can discern no basis other than § 1983 for plaintiff's civil rights claims.

inflicted." <u>Spiller v. City of Texas City, Police Dept.</u>, 130 F.3d 162, 167 (5th Cir. 1997) (internal quotation marks and citation omitted). An "[o]fficial municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." <u>Connick</u>, 131 S. Ct. at 1359. Therefore, liability against local government defendants pursuant to § 1983 requires proof of a policymaker, an official policy, and a violation of constitutional rights whose "moving force" is the policy or custom. <u>Piotrowski v. City of Houston</u>, 237 F.3d 567, 578 (5th Cir. 2001). Additionally, to state a claim under § 1983 requires plaintiff to allege a violation of a constitutional right. <u>Bass v. Parkwood Hosp.</u>, 180 F.3d 234, 241 (5th Cir. 1999).

Plaintiff's complaint against County under § 1983 must be dismissed. First, many of plaintiff's claims against County fail to even allege a violation of a constitutional right. Second, to the extent, if any, that plaintiff has alleged violations of his constitutional rights in any of his claims, such claims also fail because plaintiff has failed to allege sufficient facts to state a claim for municipal liability against County. Nothing in the complaint alleges that an official policy or custom was a cause in fact of any deprivation of rights, nor has plaintiff

identified any responsible policymaking officials.  Stated
differently, the complaint fails to allege the existence of any
policymaker or official policy of County and does not contain
specific facts showing the alleged policy was the moving force
behind any constitutional violation.  Therefore, plaintiff has
failed to state a claim for municipal liability against County.

* * * * * *

Having now considered plaintiff's claims and causes of
action against defendants, the court concludes that they should
all be dismissed under the provisions of 28 U.S.C. § 1915A.

IV.

Motions for Permanent Injunction and Motion for Subpoena

Plaintiff filed two motions for permanent injunction and a
motion for subpoena as attachments to his original complaint.  In
his first motion for permanent injunction, plaintiff seeks to
enjoin Sheriff's Department from "electronically torturing and/or
electronically harassing plaintiff using cybernetics technology
via cray mind control and monitoring computers."  Compl., Ex. at
8.  Plaintiff also seeks to bar Sheriff's Department from
"sharing plaintiff's I.D.# used in cray mind control computers
with any other sheriff departments across the U.S.A."  Id.
However, such motion is frivolous and provides no basis for
entitlement to relief.  Accordingly, it is being denied.

9

In plaintiff's second motion for permanent injunction, attached to the complaint and reasserted in a separate filing on January 10, 2014, plaintiff requests an order enjoining "Texas state mental hospitals from seeking court ordered medication on plaintiff Hill with dangerous anti-psychotic and/or mood stabilizers." Compl., Ex. at 9; Mot. at 1. Although plaintiff cites the negative side effects of these drugs and questions the drugs' effectiveness, such statements are made in general terms only. Plaintiff fails to allege any personal harm and has provided no basis for entitlement to relief. Therefore, plaintiff's second motion for permanent injunction is also being denied.

Further, plaintiff's motion for subpoena requesting that his dell computer and a "cray mind control computer" be brought to the U.S. District Court in Harris County, Texas, is being denied as moot because the court has concluded that all of plaintiff's claims and causes of action against defendants should be dismissed.

V.

Order

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff against defendants in the above-captioned

10

action be, and are hereby, dismissed with prejudice pursuant to
the authority of 28 U.S.C. § 1915A(b).

SIGNED January 28 2014.

JOHN McBRYDE
United States District Judge